FILED
SUPERIOR COURT
OF GUAM

2022 JUL 25 PM 4: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>           Plaintiffs,<br><br>      v.<br><br>FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the ESTATE OF JESUS U. TORRES, Deceased, and PETER F. PEREZ,<br><br>           Defendants. | CIVIL CASE NO. CV0471-07<br><br><br>**DECISION AND ORDER**<br>**(Motion to Substitute Parties and related motions)** |
| DANIEL U. TORRES and<br>BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTABAN TORRES FAMILY TRUST DATED MAY 12, 1995,<br><br>           Plaintiff Intervenors,<br><br>      v.<br><br>ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>           Defendants,<br><br>      and<br><br>GLORIA C. SHOLING,<br><br>           Third-Party Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on prospective successors Jose S. Bautista and Catherine B. Sholing's Motion to Substitute Parties filed July 7, 2021. Attorney Wayson Wong represents Jose S. Bautista and Catherine B. Sholing. Attorney R. Todd Thompson represents Defendant Peter F. Perez, Attorney John C. Terlaje represents Defendant Francisco Torres, and Attorney Phillip Torres represents the Estate of Jesus U. Torres. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter arose from a retainer agreement signed on October 15, 1987 ("1987 agreement") between Ms. Ana Sholing ("Ms. Sholing") and Attorney Jesus U. Torres ("Attorney Torres"), in which Attorney Torres would provide legal services to family members in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Island Club Property in Tumon for a period of twenty-five (25) years. Ms. Sholing was the mother of Plaintiffs Manuel Sholing and Rosario Bautista (collectively, "Plaintiffs") and Third-Party Defendant Gloria C. Sholing. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Perez.[1] *See generally*, Third Am. Compl., Jul 10, 2007.

The court[2] previously granted summary judgment for Defendant Torres and Defendant Perez, finding that the Plaintiff's claims in the Third Amended Complaint were time-barred or moot. *See* Dec. & Order, Oct. 13, 2014 (Defendant Torres); Dec. & Order, Apr. 17, 2013 (Defendant Perez). On appeal, the Supreme Court of Guam affirmed the grant of summary judgment for Defendant Torres and the grant of summary judgment for Defendant Perez as to counts five through seven. *Bautista v. Torres*, 2020 Guam 28. The Supreme Court reversed the

---

[1] Attorney Torres passed away in August 2002, and Ms. Sholing passed away in September 2005. *Bautista v. Sholing*, 2017 Guam 17 ¶ 7.

[2] This matter came before the Honorable Katherine A. Maraman. It was reassigned to this Court in 2018. *See* Notice of Judge Assignment, Apr. 10, 2018.

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

grant of summary judgment for Defendant Perez as to the eighth count and tenth through twelfth counts.[3] *Id.* Thus, Plaintiff's remaining claims against Defendant Perez in the Third Amended Complaint are Count Eight – Breach of Fiduciary Duties; Count Ten – Misrepresentation; Count Eleven – Alternative Misrepresentation; and Count Twelve – Deceptive Trade Practices Act. The Supreme Court further affirmed the dismissal of Plaintiff Intervenors Daniel U. Torres and Barbara M. DeMello, as trustees under the Esteban Torres Family Trust dated May 12, 1995, claims against Third-Party Defendant Gloria C. Sholing. *Id.*

On June 4, 2021, a Suggestion of Death on the Record under GRCP Rule 25(a) was filed by Attorney Wong, setting forth that Plaintiffs / Intervention Defendants Rosario S. Bautista and Manuel C. Sholing died during the pendency of this action.

On July 7, 2021, prospective successors Jose S. Bautista and Catherine B. Sholing (collectively, the "prospective successors") filed a Motion to Substitute Parties. On August 4, 2021, Defendant Perez filed his Opposition along with a Declaration of R. Todd Thompson in Support of Defendant Peter F. Perez's Opposition to Plaintiffs' Motion to Substitute Parties. On September 1, 2021, the prospective successors filed their Reply. On September 3, 2021, Defendant Estate of Jesus U. Torres filed a Joinder in Peter F. Perez's Opposition to Plaintiffs' Motion to Substitute Parties. On September 16, 2021, Defendant Francisco Torres filed a Joinder in Peter F. Perez's and the Estate of Jesus U. Torres' Opposition to Plaintiff's Motion to Substitute Parties.

On July 7, 2021, a Suggestion of Death on the Record was filed by Attorney Wong, setting forth that Defendant Francisco Torres passed away during the pendency of this action.

On September 1, 2021, Jose S. Bautista ("Bautista") filed a Motion for an Extension of Time. On September 15, 2021, Defendant Perez filed his Opposition. On September 29, 2021, Jose filed his Reply.

---

[3] Count 9 of the Third Amended Complaint was withdrawn by Plaintiffs. (Dec. & Order at 17, Apr. 17, 2013).

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

On September 14, 2021, Bautista filed a First Amended Motion for Extension of Time. This Motion was subsequently withdrawn by Bautista on September 29, 2021. *See* Notice of Withdrawal and Withdrawal of First Amended Motion for Extension.

On September 15, 2021, Defendant Perez filed a Motion to Strike and Disregard the Declaration of Wayson Wong. On October 13, 2021, Bautista filed his Opposition. On October 27, 2021, Defendant Perez filed his Reply.

On September 28, 2021, a Suggestion of Death Upon the Record was filed by Bautista, setting forth that "Jose S. Bautista, as the authorized Special Administrator of the Estate of Rosario S. Bautista . . . suggests upon the record, pursuant to GRCP Rule 25(a)(1), the death of plaintiff and intervention defendant Rosario S. Bautista during the pendency of this action."

On September 29, 2021, Bautista filed a Supplemental Substitution Motion. On September 30, 2021, Bautista filed a pleading entitled "First Amended Memorandum in Support of Supplemental Substitution." A CVR 7.1 Form 1 was not filed contemporaneously with this Memorandum, and two weeks later, on October 18, 2021, Bautista filed a First Amended Supplemental Motion.

On October 27, 2021, Defendant Perez filed his Opposition to Plaintiffs' "Supplemental" Motions to Substitute Parties. On October 28, 2021, Defendant the Estate of Francisco Torres and the Estate of J.U. Torres filed a Joinder in Peter F. Perez's Opposition to Plaintiffs' "Supplemental" Motions to Substitute Parties. On November 10, 2022, Bautista filed his Reply. On November 12, 2021, Bautista filed an *Erratum* for Reply Memorandum, correcting a year written on the last line of page nine of the Reply.

On October 27, 2021, Defendant Perez also filed a Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista. On October 28, 2021, Defendant the Estate of Francisco Torres and the Estate of J.U. Torres' filed a Joinder in Peter Perez's Motion to Strike "Supplemental Motions" filed by Jose S. Bautista. On November 24, 2021, Bautista filed his Opposition. On December 9, 2021, Defendant Perez filed his Reply.

On January 14, 2022, the Court placed all the above motions under advisement without further oral argument.

## DISCUSSION

## I. Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista

The Court will first address Defendant Perez's Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista, as the disposition of the Motion will determine which substitution motion the Court will address on the merits. Defendant Perez moves the Court to strike the two "supplemental substitution motions" filed by Bautista on September 29, 2021 and October 18, 2021 because the filing of such motions does not comply with the civil rules. *See generally*, Mot. Strike, Oct. 27, 2021. Defendant the Estate of Francisco Torres and the Estate of J.U. Torres join in the Motion. *See* Joinder, Oct. 28, 2021. Bautista opposes, arguing that "neither of the supplemental motions replaced the initial substitution motion" and that "[u]nder the September 29, 2021 supplemental substitution motion, Mr. Bautista applied to this Court for an order substituting himself for Mrs. Bautista '... as the authorized Special Administrator of the Estate of Rosario S. Bautista, Deceased" while "[u]nder the October 18, 2021 FA supplemental substitution motion, he applied to this Court for an order substitution himself for Mrs. Bautista '... as the Personal Representative and/or Special Administrator of the Estate of Rosario S. Bautista, Deceased, instead of just the Special Administrator." (Opp'n at 4, Nov. 24, 2021). Bautista further argues that "the two supplemental substitution motions were properly filed motions" under Guam law. *Id.* at 4-5.

Motion practice in this Court is governed by Rule 7.1 of the Local Rules of the Superior Court of Guam. For any motion, "[t]here shall be filed and served:

(1) A Notice of Motion and Motion using CVR 7.1 FORM 1;

(2) a memorandum in support thereof containing the points and authorities upon which the moving party relies, including citations; and

(3) any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the Guam Rules of Civil Procedure.

CVR 7.1(c). "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." CVR 7.1 (f).

"The court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule, and the court shall issue an order stating the grounds on which it deems the filing noncompliant if it so determines. The presentation to the court of frivolous motions or oppositions to motions or the failure to comply fully with this Rule subjects the offender at the discretion of the court to the sanctions of General Rule 2.1." CVR 7.1(k).

There is no local rule that provides for the filing of a sur-reply or a supplemental motion. The local rules only contemplate the filing of a memorandum in support of the motion, an opposition, and a reply. *See* CVR 7.1(c)(2); CVR 7.1(d)(1); and CVR 7.1(d)(2). Other jurisdictions have allowed leave to file supplemental briefings "upon a showing of good cause." *See e.g., Servo v. Junginger,* 2014 WL 3891751 (D. Or. Aug. 6, 2014); *Reiger v. Nevens,* 2014 WL 537613 (D. Nev. Feb. 7, 2014); *Wilridge v. Marshall,* 2014 WL 1217974 (D. Cal. Mar. 21, 2014). Further, "[a] court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth new material in its reply brief." *Gibbs v. Plain Green, LLC,* 2017 WL 7693141 at *1 (E.D. Va. Oct. 31, 2017). *See also, Key v. Shelby County,* 551 Fed.Appx. 262, 264 (6th Cir. 2014) (finding that "[a]lthough the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated."); *EEOC v. Freeman,* 961 F.Supp.2d 783, 801 (D. Md. 2013) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). However, "where a party seeks merely to re-open briefing on issues previously raised, a sur-reply should not be allowed." *Gibbs,* 2017 WL 7693141 at *1. Typically, courts "deny motions for surreplies absent extraordinary circumstances." *Hathaway v. Idaho Pacific Corporation,* 2020 WL 2858003 (D. Idaho Jun. 2, 2020); *See also Gen. Elec. Co. v. Latin Am. Imports, S.A.,* 187 F. Supp. 2d 749, n. 1 (W.D. Ky. 2001). Although the filings at issue are entitled "supplemental" motions, the Court finds it appropriate to equate them as "supplemental briefs" as they relate and expand on the initial Motion to Substitute filed in July 2021.

A court has inherent authority to strike improper filings. *See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010). "The inherent powers are mechanisms for control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)) (internal quotation marks omitted). The Local Rules set forth specific timelines as to how motions are to be opposed and replied to. Not having a time certain to which additional arguments may no longer be raised potentially extends indefinitely the period in which briefs may continue to be filed, thereby complicating any setting of the matter for oral argument and/or placing under advisement, ultimately disrupting the orderly and timely progression of cases before the Court. Here, the Court has two supplemental motions before it and one supplemental memorandum, essentially supplementing facts and arguments set forth in the initial motion filed two to three months prior. No leave of court was requested to file a supplemental motion with a showing of good cause. Further, the supplemental motions appear to have been filed to cure the procedural and substantive defects noted in the opposition to the initial Motion to Substitute Parties. A party may not continue to supplement motions to attempt "another bite at the apple." The Court therefore GRANTS Defendant Perez's Motion to Strike "Supplemental Substitution Motions" and hereby STRIKES Bautista's Supplemental Substitution Motion filed September 29, 2021 and Bautista's First Amended Supplemental Motion filed October 18, 2021. The Court further STRIKES the First Amended Memorandum in Support of Supplemental Substitution filed September 30, 2021, as such memorandum was not filed as or with a motion, nor contemporaneously filed with a CVR 7.1 Form 1.

**II. Motion for Extension of Time**

Bautista moves the Court for an extension of time to file his motion to be substituted for Plaintiff Rosario S. Bautista, as the executor or personal representative of her estate. *See generally*, Mot. Extension, Sep. 1, 2021. This Motion was fully briefed by the parties; however, prior to the Court taking the matter under advisement and rendering a decision on the Motion, Bautista filed a First Amended Motion for Extension of Time on September 14, 2021. This Amended Motion was also filed prior to Defendant Perez filing his opposition to the September

1, 2021 Motion on September 15, 2021. "An amended pleading ordinarily supersedes the prior pleading." *Nisbet v. Van Tuyl,* 224 F.2d 66, 71 (7th Cir. 1955). *See also, Foreman & Clark Corp. v. Fallon,* 479 P.2d 362, 367 (Cal. 1971) ("It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading."). The Court finds that the same rule should apply with respect to amended motions. On September 29, 2021, Defendant Bautista withdrew his First Amended Motion for Extension. Therefore, the Motion for Extension of Time filed September 1, 2021 is denied as MOOT.

### III. Motion to Strike and Disregard the Declaration of Wayson Wong

Defendant Perez moves the Court to strike and disregard the Declaration of Wayson Wong dated August 31, 2021.[4] Defendant Perez argues that the Declaration "is not made on the personal knowledge of the declarant, but instead is a hodge podge of hearsay, legal conclusions, opinions, and speculations." (Mot. Strike at 2, Sep. 15, 2021). Plaintiffs oppose, arguing that Attorney Wong can be deemed an expert in litigation and can therefore "testify as to his opinions of fact or the application of law to fact." (Opp'n at 4, Oct. 13, 2021).

The August 31, 2021 Wong Declaration was submitted in support of Bautista moving the Court "for an order granting him a 60 day extension of time to file his motion to be substituted for her in this case as that executor of [Rosario S. Bautista's] estate." (Mot. Extension at 2, Sep. 1, 2021). No declaration was submitted by Bautista in support of the Motion for an Extension. As the Court has already deemed the Motion for Extension of Time filed September 1, 2021 as MOOT, the Court also finds that the Motion to Strike Attorney Wong's Declaration filed in Support of that Motion MOOT.

### IV. Motion to Substitute Parties

The prospective successors move to substitute themselves as the current plaintiffs in this matter pursuant to Rule 25, as Plaintiffs Rosario S. Bautista and Manuel C. Sholing passed away during the pendency of this action. *See generally,* Mot. Substitute, Jul. 7, 2021. Rosario Bautista passed away on February 25, 2020 and Manuel C. Sholing passed away on May 29,

---

[4] The Court notes that the Declaration is dated Honolulu, Hawaii, August 31, 2021, and was filed with the Memorandum of Points and Authorities Re Extension on September 1, 2021.

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

2019. *Id.* (Ex. 3 & 4). Defendant Perez opposes, arguing that neither prospective successor has standing to pursue Plaintiffs' claims. *See generally*, Opp'n, Aug. 4, 2021.

Guam Rule of Civil Procedure 25 provides in relevant part that:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Guam R. Civ. P. 25(a). "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam vs. O'Keefe*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). "To substitute a party after death under Rule 25(a)(1), three requirements must be satisfied: (1) the substitution motion must be timely, (2) the pleaded claims must not have been extinguished by death, and (3) the person being substituted must be a 'proper party.'" *Ghazarian v. Republic of Turkey*, 2021 WL 5934476 *1 (C.D. Cal. Nov. 16, 2021) (citation omitted). "If Rule 25(a)(1) is met, the substituted party steps into the same position as the original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Before the Court can address the factors under Rule 25, however, it must first address Defendant Perez's argument that neither prospective successor has standing to pursue Plaintiffs' claims. "Standing is a threshold jurisdictional matter. Thus . . . a court has no subject matter jurisdiction to hear a claim when a party lacks standing. The question of standing focuses on who may bring an action." *Benavente v. Taitano*, 2006 Guam 15 ¶ 14 (internal citations

omitted). "Constitutional standing is a necessary prerequisite to pursuing relief in all cases filed in the courts of Guam." *In re A.B. Won Pat Int'l Airport Autho.*, 2019 Guam 6 ¶ 19. "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Id.* at ¶ 17 (quoting *Guam Mem'l Hosp.*, 2012 Guam 17 ¶ 10) (internal quotation marks omitted).

Defendant Perez argues that counts ten to twelve belong to the Plaintiffs' respective trusts, and the trusts and trustees are not parties to this action. *See Opp'n* at 5-8. The Tenth through Twelfth Counts "appear to be alleging that Perez mishandled and misrepresented to [the Plaintiffs] what he was doing with the deductions based on his fiduciary relationship with the Sholings as their attorney." 2020 Guam 28 ¶ 36. The Tenth Count alleges misrepresentation on the part of Defendant Perez as to attorney's fees the Sholing siblings needed to pay to the Torres Estate. (Third Am. Compl. ¶¶ 161-169). Plaintiffs alleged that Attorney Perez "indicated and/or intentionally misrepresented to the Three Sholings, when they were in Guam, Hawaii, and/or Nevada, that they still needed to continue to pay the Torres estate the amount of the attorney's fees they had been paying to attorney Torres during his lifetime and (1) he would transmit such payments to the Torres estate or (2) he intentionally concealed from them that he was not going to transmit such payments to the Torres estate and instead going to retain them himself." *Id.* at ¶ 162. The Eleventh Count alleges alternative misrepresentation based on similar facts. *Id.* at ¶¶ 170-177. Plaintiffs alleged that Attorney Perez "indicated and/or intentionally misrepresented to the Three Sholings, when they were in Guam, Hawaii and/or Nevada, that they still needed to continue to pay the ten percent (10%) in attorney's fees; and he was entitled to such attorney's fees when he was not." *Id.* at ¶ 171. The Twelfth Count alleges deceptive trade practices on the part of Defendant Perez based on the indications, misrepresentations, and/or concealments described in the Tenth and Eleventh Counts. *Id.* at ¶¶ 178-185.

"In general, the person who has the right to file suit under the substantive law is the real party of interest. At common law, where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause." *Saks v. Damon Raike & Co.,* 8 Cal.Rptr.2d 869, 874 (Cal.Ct.App. 1992) (citation omitted). "The corollary to this rule is that the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust. A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited to enforcement of the trust, according to its terms." *Id.* at 874-75. On July 24, 1996, Rosario Bautista transferred all her interest and claims to the Pacific Islands Club Property to the Rosario S. Bautista Trust. (Decl. of R. Todd Thompson, Deposition Ex. T, Aug. 4, 2021). On September 24, 2002, Manuel Sholing transferred all of his interest in the PIC property to the Manuel C. Sholing Trust. (Decl. of R. Todd Thompson, Deposition Ex. U, Aug. 4, 2021). The prospective successors ask the Court to view the trusts as a revocable *inter vivos* trust or revocable living trust; however, even if the Court were to consider the trusts as such for the original Plaintiffs, once they passed away, the respective trusts became irrevocable and transferred to the beneficiaries. *See Steinhart v. Count of Los Angeles,* 104 Cal.Rptr.3d 195, 214 (citing *Empire Properties v. County of Los Angeles,* 52 Cal.Rptr.2d 69, (Cal.Ct.App. 1996) (upon settlor's death, revocable trust became irrevocable and "the full beneficial interests in the property transferred to" the "residual beneficiaries of the trust"])). There is nothing in record at this time suggesting that the proposed successors are suing in their capacity as trustees of the respective trusts. "A trust beneficiary cannot sue in the name of the trust." *King v. Johnston,* 101 Cal.Rptr.3d 269, 278 (Cal.App. 2009) (citation omitted). Accordingly, the prospective successors have no standing to bring the claims set forth in counts ten to twelve.

The Eighth Count alleges Breach of Fiduciary Duties on the part of Defendant Perez while he was counsel for the Executrix of the Estate of Ana Sholing. (Third Am. Compl. ¶¶ 128-150). Plaintiffs' allege that "[d]uring the probate proceedings, [they] . . . indicated to Perez that they had concerns about the attorney's fees for the probate and that they wanted to address the probate court about the issue. . . . [D]espite them voicing their concerns, Perez caused the

probate proceedings to be completed without notice to them and that Perez was liable to them for this breach of fiduciary duty." 2020 Guam 28 ¶ 38. Defendant Perez argues that the Plaintiffs lack standing and cannot transfer their claims because they were not his clients in the probate matter. (Opp'n at 8).

"The breach of fiduciary duty cause of action is a tort to remedy economic harm suffered by one party due to a breach of duties owed in a fiduciary relationship." *Accident & Inj. Med. Specialists, P.C. v. Mintz,* 279 P.3d 658, 663 (Colo. 2012) (citing *Town of Alma v. Azco Constr., Inc.,* 10 P.3d 1256, 1263 (Colo. 2000) and Restatement (Second) of Torts § 874 (1979)). "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* (citation omitted). "To succeed on a claim of breach of a fiduciary duty, the plaintiff must prove the existence of a duty arising out of a fiduciary relationship, failure to observe that duty, and injury resulting proximately therefrom." *Ivancic v. Enos,* N.E.2d 927, 938 (Ohio App. 2012) (citation omitted). "There is no doubt that an attorney-client relationship imposes a fiduciary duty upon the attorney and that the attorney must conduct business in good faith." *Id.* at 939.

"As a general rule, an attorney has no professional obligation to nonclients and thus cannot be held liable to nonclients for the consequences of the attorney's professional negligence. Consequently, an attorney generally will not be held liable to a third person not in privity of contract with him since he owes no duty to anyone other than his client." *Moore v. Anderson Zeigler Disharoon Gallagher & Gray,* 135 Cal.Rptr.2d 888, 892 (Cal. App. 2003) (internal citations, quotation marks, and alterations omitted). "As an exception to this general rule, it has been settled in California that an attorney may be liable to nonclients in limited circumstances where the nonclient was the intended beneficiary of the attorney's services." *Id.* at 893 (citations omitted). *See also Morales v. Field, Degoff, Huppart & Macgowan,* 160 Cal. Rptr. 239, 243 (Cal. App. 1979) ("It is clear that the attorney for a trustee may be held liable to the beneficiary of the trust when he actively participates in a breach of trust.").

Here, Plaintiffs further argue that Defendant Perez was in breach of fiduciary ties to them as their attorney for other legal matters. (Reply at 9). In the Third Amended Complaint, Plaintiffs assert that "Attorney Perez knew or should have known that he had a conflict of interest[] with respect to his personal interests and the interests of his clients, Mrs. Bautista and Mr. Sholing, in that if he charged the statutory attorney's fees versus his usual and customary hourly fees for the probate work he was going to do for the Exeutrix and Sholing estate, he would erode the value of the estate substantially, such that his clients would receive much less." (Third Am. Compl. ¶ 134).

Because Defendant Perez may have had a fiduciary duty to Plaintiffs either as beneficiaries of the Estate of Ana Sholing or as their counsel in other legal matters, the Court declines to find that Plaintiffs lacked standing to sue on Count Eight at this time. Accordingly, the Court must now determine whether the Rule 25 factors have been met as to the Eighth Count.

## A. Timeliness

As to the first factor, the timeliness of the motion, a Suggestion of Death on the Record under GRCP Rule 25(a) was filed by Attorney Wong on June 4, 2021, setting forth that Plaintiffs and Intervention Defendants Rosario S. Bautista and Manuel C. Sholing died during the pendency of this action. This triggered the ninety day period in which a motion for substitution must be filed. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (setting forth that Rule 25(a)(1) contains no restriction on who may file the statement of the fact of death, and that "such a restriction is inconsistent with the purpose in amending the rule to its present format. . . . Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party."). The Motion for Substitution was filed July 7, 2021, within the ninety (90) day period.

## B. Survival of the claims

The second factor requires that the pleaded claims must not have been extinguished by death. "Whether a claim survives or is 'extinguished' upon the death of a party is determined by 'the nature of the cause of action for which the suit is brought.'" *U.S. ex rel. Colucci v. Beth*

*Israel Medical Center*, 603 F.Supp. 2d 677, 680 (S.D.N.Y. 2009) (quoting *Ex parte Schreiber*, 110 U.S. 76, 80 (1884)). As the Court has determined that the parties have no standing to bring the claims asserted in Counts Ten to Twelve, the only remaining claim is Count Eight – Breach of Fiduciary Duties. The Court finds that this claim survives the death of the Plaintiffs.

**C. Proper Parties**

Lastly, the third factor requires that the person being substituted is a "proper party." Rule 25(a)(1) requires that the person to be substituted is Plaintiff's successor in interest or legal representative. *See Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it."). It must therefore be shown that Jose Bautista and Catherine Sholing are the decedents' successors in interest or legal representatives. Guam's probate code defines "personal representative" as "the executor, the administrator with the will annexed, or the administrator, but shall not mean a special administrator unless the special administrator's powers are made general pursuant to the provisions of Section 1911 of [Title 15]." 15 GCA § 2501.

Here, the prospective successors assert that Plaintiff Rosario S. Bautista's interest is now held by Jose S. Bautista based on an assignment of Rosario's interests through her daughter Ann S. Mitchell via power of attorney and Plaintiff Manuel C. Sholing's interest is now held by his daughter, Catherine, who is the executrix of Manuel's probate matter, PR0039-21. *See* Mot. Substitute at 1-2. *See also,* Decl. Jose S. Bautista, Jul. 5, 2021; Decl. Catherine B. Sholing, Jul. 6, 2021. "Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate if his estate had been closed." *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (citing *Rende v. Kay*, 415 F.2d 983 (D.C.Cir. 1969)). Thus, as Catherine Sholing is the executrix of her father's estate, she is a proper party for substitution as to the Eight Count – Breach of Fiduciary Duties. At the time of the filing of the instant motion, however, Jose Bautista was not an executor or administrator of Rosario S. Bautista's estate and

his interest is based on an assignment of interest in the lawsuit. The Court does not find that Bautista is a proper party as to the Eighth Count of Breach of Fiduciary Duties as "[a]n attorney's agreement to represent a client is a personal services contract that cannot be assigned without the consent of both parties to the contract." *Gill v. Bischoff*, 2011 Guam 25 ¶ 16 (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 90 (9th Cir. 1976)). A majority of jurisdictions have concluded that legal malpractice claims are not assignable based on the nature of the attorney-client relationship and various overlapping public policy considerations. *See, e.g., AT&T Mobility LLC v. Yeager*, 2017 WL 5177648 at *3 (E.D. Cal. Nov. 8, 2017) ("Under California law, claims for malpractice, professional negligence and breach of fiduciary duty arising out of the attorney-client relationship are generally non-assignable."); *Goodley v. Wank & Wank, Inc.*, 133 Cal.Rptr. 83 (Cal.App. 1976) ("unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations in our conclusion that malpractice claims should not be subject to assignment"); *see also Roberts v. Holland & Hart*, 857 P.2d 492, 495 (Colo.App. 1993) ("the assignment of legal Malpractice Claims involve matters of personal trust and personal service and do not lend themselves to assignability because permitting the transfer of such claims would undermine the important relationship between an attorney and client."); *Wilson v. Coronet Ins. Co.*, 689 N.E.2d 1157, 1159 (Ill. App. 1997) ("Illinois courts have held that legal malpractice claims are not assignable. . . . Although Illinois cases have only applied this rule to legal negligence claims, we see no reason why this rule should not apply to a 'breach of fiduciary duty' claim."); *Freeman v. Basso*, 128 S.W.3d 138, 142 (Mo. Ct. App. 2004) ("the rule against assigning claims for legal malpractice or breach of fiduciary duty is based on legitimate public policy considerations..."); *Kiley v. Jennings, Strouss & Salmon*, 927 P.2d 796, 800 (Ariz. Ct. App. 1996) (any assignment would negate the attorney's fiduciary and ethical duty to client because assignee is not client). Therefore, the Court grants in part and denies in part the prospective successor's Motion to Substitute. The Court denies the Motion to Substitute as to Counts Ten to Twelve, finding the prospective successors lack standing to assert the claims.

The Court further denies the Motion to Substitute as to Jose S. Bautista as to the Eighth Claim as he is not a proper party. The Court, however, grants the Motion to Substitute as to Catherine Sholing as to the Eighth Claim.

**CONCLUSION**

For the foregoing reasons, the Court hereby:

- **DENIES AS MOOT** the Motion for an Extension of time filed September 1, 2021;

- **DENIES AS MOOT** the Motion to Strike and Disregard the Declaration of Wayson Wong filed September 15, 2021;

- **DENIES** the First Amended Memorandum in Support of Supplemental Substitution filed September 30, 2021;

- **GRANTS** the Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista filed October 27, 2021; and

- **GRANTS IN PART AND DENIES IN PART** the Motion to Substitute Parties filed July 7, 2021.

**IT IS SO ORDERED, this** _____ JUL 2 5 2022 _____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Berman, W. Wong,_
_J. Tang, J. Terbij_
Date: 7/25/22 Time: 4:36pm
_____
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Thompson Thompson Albantes,_
_Torres Law Group_
Date: 7/25/22 Time: 4:36pm
_____
Deputy Clerk, Superior Court of Guam